**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| EDDIE JAMES REED, | * | |
| Petitioner, | * | |
| | | Case No. 1:09-CV-90059 |
| vs. | * | 28 U.S.C. § 2255 |
| | | Case No. 1:07-CR-19 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

**Procedural History**

Petitioner Reed was indicted in this Court on June 13, 2007, and charged with two Counts of Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). (Doc. 1). On September 24, 2007, Reed entered into a Plea Agreement with the Government and pled guilty to both Counts of the Indictment. (Docs. 23, 24). He was sentenced to a term of imprisonment of 262 months on each Count to be served concurrently. (Doc. 33, 34). He filed a Notice of Appeal, but did not prosecute the appeal, and same was dismissed by the United States Court of Appeals for the Eleventh Circuit on August 2, 2008. (Doc. 63). On August 12, 2009, Reed timely filed his present Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 74).

**Petitioner's Motion To Vacate**

Petitioner Reed asserts a single claim in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  In his sole ground, Reed contends that:

> [U]nder the Georgia First Offender Act was completely (sic) he should not have been held under the Georgia First Offender Act, § 42-08-60.  See attached Brief.

Petitioner Reed's attached Brief offers scant clarification to his apparent claim that his classification as a Career Offender under the advisory U.S. Sentencing Guidelines improperly counted his January 1997 State sentence under the Georgia First Offender Act, O.C.G.A. § 42-8-60, *et seq*.  At page four (4) of his Brief, Reed proffers:

> The district court determined Reed's "first youthful offender act" conviction were violent felony under Career Offender Act. Subsequently the Supreme Court held driving while intoxicated was not a violent felony for the purposes of Career Offender Act. See *Begay v. United States,* 128 S.Ct. 1581, 1583, 170 L.Ed.2d. 490 (2008).  Based on Reed's [?] the district court in using Petitioner's First Offender Act, as predicated offenses under Career Offender Act. West's Ga. Code. Ann. § § 5-6-34, 42-8-62(a).  This argument is supported by either State or Federal law.

(Doc. 74 at 17).    The PreSentence Investigation report (PSI) prepared subsequent to Petitioner Reed's guilty plea in this court on September 24, 2007, and prior to his sentencing on February 28, 2008, reveals that the predicate offenses involved in the determination of Petitioner's career offender status had nothing to do with driving while intoxicated.  At ¶ 35 of the PSI, the district court was advised that Petitioner Reed, at age 25 years, was charged on August 8, 1996, with Possession With Intent to Distribute Marijuana in Dougherty

County Superior Court Case No. 96-R-001538, that he was placed on 30 years probation under the Georgia First Offenders Act, from which he was successfully discharged on 10/15/99.  Paragraph 36 of Petitioner's PSI adds that Reed was represented by counsel when he entered his plea of guilty to this charge.

The PSI at ¶ 41 reveals that Petitioner Reed was charged on August 16, 2000, in Dougherty County Superior Court Case No. 00-R-1411 with Possession of Cocaine With Intent to Distribute and Possession of Marijuana With Intent to Distribute, and that for these offenses, he received a 20 year sentence, six to be served followed by 14 on probation.  The PSI at ¶ 42 shows that Reed was represented by counsel when he entered pleas of guilty to these charges.  Because of Petitioner's above stated convictions for controlled substance offenses, not crimes of violence, he was determined in the PSI at ¶ 25 to be a Career Offender pursuant to the provisions of U.S.S.G. § 4B1.1, resulting in an advisory Guideline Sentence range of 262 to 327 months, as shown at ¶ 60.

Petitioner Reed filed Objections to the PSI report, objecting specifically to:

> the characterization of the information alleged in Paragraphs 35 and 36 of the pre sentence investigation report.  This incident was incorrectly used by the probation department as a conviction. This incorrect use resulted in the Defendant being labeled as a Career Offender.
> The Defendant shows that he was sentenced as a "First Offender" for this charge on January 21, 1997.  He received a sentence of thirty (30) years probation.  A records check conducted by the Clerk of Courts Office in Dougherty County, Georgia reveals that he was successfully discharged on October 15, 1999.  The records check did not show any adjudication of guilt.  The records check did not show that the "First Offender" was revoked.  Therefore, this is an improper use of this incident

to label the Defendant as a Career Offender.

(Doc. 28 at ¶¶ 4, 5).    Petitioner Reed's objection, as stated, raised the exact issue he now raises in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, to wit, whether the district court erred in classifying petitioner as a career offender under U.S.S.G. § 4B1.1 of the advisory Sentencing Guidelines.

## Discussion

Petitioner Reed's claim is a question of law and has nothing to do with the habeas corpus cases he has filed in Fulton and Dougherty Counties regarding his State sentences. The question is: can the federal District Court count a Georgia First Offender conviction in its determination of a federal offender's status as a career offender pursuant to U.S.S.G. § 4B1.1?

Reed's claim that his Georgia First Offender sentence should not, together with his other offenses, qualify him as a career offender, fails as contrary to federal law.  U.S.S.G. § 4B1.1 provides that a defendant is a career offender if:

> (1) he was at least eighteen years old when he committed the offense underlying his conviction;
> (2) the offense is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

The only element at issue here is whether Petitioner Reed's 30 year probated sentence entered under the Georgia First Offender Act (O.C.G.A. §42-8-60 et seq.) on January 21, 1997, when Reed was 25 years old, qualifies as a conviction under U.S.S.G. § 4B1.1(3). "To

begin with, the proper definition of th term 'conviction' as used in USSG § 4B1.1 is governed by federal law, not state law. *See United States v. Fernandez,* 234 F.3d 1345, 1347 (11th Cir. 2000). Therefore, the Georgia statute ... does not apply to the sentence imposed in this case." *United States v. Duty,* 302 F.3d 1240, 1241 (11th Cir. 2002). The Eleventh Circuit Court of Appeals has held that a state case in which adjudication of guilt is withheld upon entry of a nolo contendere plea qualifies as a "conviction" for purposes of U.S.S.G. § 4B1.1. *See United States v. Jones,* 910 F.2d 760 (11th Cir. 1990); *United States v. Lockman,* 993 F.2d 811 (11th Cir. 1993); *United States v. Tamayo,* 809 F.3d 1514, 1522 (11th Cir. 1996). In *Gregory v. United States,* 2008 WL 975087, at *2 (S.D. Ga. April 9, 2008), a case completely on point with Petitioner Reed's case, the District Court held:

> The Eleventh Circuit has held that a prior conviction under the Georgia First Offender Act counts as a prior conviction for sentencing guidelines criminal history calculation purposes. *United States v. Knight,* 154 F. Appx. 798, 799 (11th Cir. 2005). The sentencing court properly considered movant's objections regarding his first offender conviction pursuant to Fed.R.Crim.P. 32(i) and found that, despite his objections, his first offender conviction was properly considered in determining his base offense level. Since the sentencing court properly considered and denied his objections, this ground for § 2255 relief is without merit.

Upon the foregoing authority, Petitioner Reed's claim is without legal merit.

Additionally, Petitioner Reed has procedurally defaulted on this claim for failing to raise it on direct appeal. While he filed a Notice of Appeal, he failed to prosecute the same and allowed his appeal to be dismissed for want of prosecution. (Doc. 63). "Under the procedural default rule, a defendant generally must advance an available challenge to a

5

criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004). The court must consider that Petitioner Reed's Plea Agreement (Doc. 24 at 4, 5) contained a waiver of appeal stating as follows:

> [O]nce this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of his sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence.

Petitioner's claim that the court erred in determining him to be a career offender *is* a claim that the court exceeded the advisory guideline sentence range of 120 months to 125 months as the range would have been had he not been improperly (as Reed contends) classified as a career offender, as calculated in the alternative by the January 15, 2008, Addendum To The PreSentence Report. The Plea Agreement waiver of appeal excepted any sentence exceeding the advisory guideline range. Therefore, Reed's failure to prosecute his appeal on the career offender issue and the resultant guideline sentence range enhancement, which he raised in his objections to the PSI, is a procedural default and a procedural bar to his attempt to raise that issue again here in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as without legal merit and otherwise procedurally barred.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 25th day of August 2009.

                **S/ G. MALLON FAIRCLOTH**
                **UNITED STATES MAGISTRATE JUDGE**