# `IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| EDDIE JAMES REED, | : |
| Petitioner, | : |
| v. | : 1:07-CR-19-1 (WLS) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge G. Mallon Faircloth filed on August 25, 2009. (Doc. 75). It is recommended that Petitioner's 28 U.S.C. § 2255 action be **DENIED** as without legal merit and as procedurally barred. Petitioner timely filed an objection (Doc. 76) to the Report and Recommendation on September 11, 2009.

Petitioner seeks to vacate his February 28, 2008 sentence imposed by the Court for distribution of cocaine. Petitioner asserts that application of the Georgia First Offender Act to a driving while intoxicated offense should have precluded the Court's determination that pursuant to United States Sentencing Guideline §4B1.1, Petitioner was a career offender. Accordingly, Petitioner asserts that his sentence to a term of imprisonment of 262 months for cocaine distribution should be vacated.

Magistrate Judge Faircloth found that Petitioner's driving while intoxicated offense had no bearing on the Court's determination of his status as a career offender. Magistrate Judge Faircloth cited the Pre-Sentence Investigation report which contained two Dougherty County Superior Court cases of Possession with Intent to Distribute. Petitioner pled guilty in 1997 at the

1

age of 25 and was placed on 30 years probation in his initial possession case, which was successfully discharged on October 15, 1999 pursuant to the Georgia First Offenders Act. Petitioner also pled guilty to the in the possession case in 2000 in which he received a 20 year sentence, of which 14 years were to be served on probation. Magistrate Judge Faircloth found that since § 4B1.1 provided that Petitioner was a career offender due to the two felony convictions of controlled substance offenses and federal law held prior convictions under the Georgia First Offender Act counted as a prior conviction for sentencing guidelines criminal history calculation purposes, Petitioner was properly found to be a career offender.

Further, Magistrate Judge Faircloth found that Petitioner procedurally defaulted as to the instant motion since he failed to raise his claim on direct appeal. Magistrate Judge Faircloth found that although Petitioner filed a Notice of appeal, he failed to prosecute the appeal and allowed his appeal to be dismissed for want of prosecution (Doc. 63). Magistrate Judge Faircloth also found that since Petitioner asserts that he should not have been found to be a career offender, Petitioner thus asserts that the Court exceeded the advisory guideline sentence range of 120 to 125 months, which would have been the guideline range without career offender status. Magistrate Judge Faircloth noted that Petitioner's plea agreement (Doc. 24) contained a waiver of appeal except as to a sentence exceeding the advisory sentencing guideline range. Accordingly, Magistrate Judge Faircloth found that Petitioner's attack as to his sentence was procedurally barred since his objection as to the career offender enhancement was heard at the sentencing hearing, and he failed to prosecute his appeal as to the career offender issue.

Petitioner's objection (Doc. 76) contends that his § 2255 motion should be granted due to ineffective assistance of counsel, in that he was unaware of the waiver provision of his plea agreement. Petitioner's objection is inapposite. Petitioner does not contest Magistrate Judge

2

Faircloth's finding that the Court properly found Petitioner to be a career offender.  Further, the Court would not have allowed Petitioner to enter a plea of guilty were it not assured by Petitioner that he was aware of his rights.  A review of the docket and hearing transcripts (Doc. 45; Doc. 46; Doc. 47; Doc. 48) indicates that Petitioner knowingly and voluntarily entered his guilty plea.  Nevertheless, Petitioner's additional contentions are belied by the fact that he filed an appeal, but failed to prosecute it.  Additionally, Petitioner's § 2255 motion raised no grounds of ineffective assistance of counsel with the entry of his plea of guilty as to distribution of cocaine.  As set forth above, Petitioner's contention was that he should not have been classified as a career offender.  Thus, Petitioner attacked the classification of his state offenses and raised no issue as to his counsel's effectiveness as to the federal offense.  Therefore, the Court will not consider an issue raised for the first time in Petitioner's objection.

For the foregoing reasons, Plaintiff's Objections (Doc. 76) are **OVERRULED** and United States Magistrate Judge Faircloth's Report and Recommendation (Doc. 75) is **ACCEPTED, ADOPTED** and made the Order of this Court.  Accordingly, Petitioner's Motion to Vacate (Doc. 74) is **DENIED** as without legal merit and as procedurally barred.

**SO ORDERED**, this 28th day of October, 2009.

    /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**