**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.:   1:07-CR-19 (WLS) |
| : | |
| EDDIE JAMES REED, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Presently pending before the Court is Defendant Eddie James Reed's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c).  (Docs. 97, 105.)  Defendant moves this Court to reduce his sentence from 262 months to 188 months pursuant to 18 U.S.C. § 3582(c)(2); the Fair Sentencing Act of 2010, U.S.S.G. App. C, Amends. 750, 759, and *Freeman v. United States*, 131 S. Ct. 2685 (2011).

## BACKGROUND

On June 13, 2007, Defendant was indicted on possession with intent to distribute 50 grams or more of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1)(A)(iii) (Count I) and possession with intent to distribute 5 grams or more of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii) (Count II).  On September 24, 2007, Defendant entered a plea of guilty to both counts of the indictment.  The probation officer noted in the Presentence Investigation Report that "[p]ursuant to U.S.S.G. § 4B1.1, the defendant qualifies as a career offender."  Accordingly, Defendant's base-offense level for violations of 21 U.S.C. §§ 841(a)(1)(A), 841(a)(1), 841(b)(1)(B) possession with the intent to distribute at least 50 but less than 150 grams of cocaine

base yielded a base-offense level of 37.  Defendant's offense level was decreased to 34, upon receipt of a one-level reduction for timely entry of a plea of guilty and a two-level reduction for acceptance of responsibility.  Pursuant to Defendant's career-offender offense level of 34 and a criminal-history category of VI, the guideline-imprisonment range was 262 to 327 months.  Defendant received a sentence of 262 months.

## DISCUSSION

Defendant has brought this motion pursuant to 18 U.S.C. § 3582(c), which allows a district court to modify a term of imprisonment that "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Barker*, 324 F. App'x 766, 768 (11th Cir. 2009).  In his motion for a sentence reduction, Defendant concedes that his career-offender designation alone renders him ineligible for a sentence reduction under Amendment 750.  However, Defendant argues that *Freeman v. United States*, 131 S. Ct. 2685 (2011) allows the Court to determine whether his sentence was in any way "based on" the crack guideline.

Specifically, Defendant contends that the changes to the statutory ranges for certain cocaine offenses imposed by the Fair Sentencing Act of 2010 ("FSA") should serve to reduce his sentence.  Per Defendant, prior to the passage of the FSA, his offense carried a statutory sentencing range of ten years to life imprisonment.  Defendant notes, in contrast, under the 18:1 crack to powder ratio instituted by the FSA, his ten years to life imprisonment statutory range was reduced to five to forty years, which would have reduced his career-offender adjusted offense level to a level thirty-one.  Accordingly, relying on the updated career-offender guideline range of 188-235 months, Defendant moves the Court to reduce his sentence to 188 months.

In opposition, the Government contends that Defendant is not eligible for a sentence reduction pursuant to Amendment 750 because he was sentenced based on his status as a career offender, not on the base-offense level for the crack cocaine violation under § 2D1.1. The Government further argues that *Freeman* does not change this result, citing the Justice Sotomayor's concurrence, which contains the holding. The Government also contends that Defendant's reliance on the FSA's new mandatory minimums and maximum sentences is misplaced because both Defendant's offense and sentence predate the passage of the FSA, thereby rendering him ineligible for a sentence reduction under the FSA. *See Dorsey v. United States*, 132 S. Ct. 2321 (2012).

The Court finds that Amendment 750 does not provide a basis for a sentence reduction for Defendant. Amendment 750 to the Sentencing Guidelines, effective November 11, 2011 and made retroactive, lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). However, as noted above, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See United States v.* Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012) (citing U.S.S.G. App. C, Amend. 750), *cert. denied*, 133 S. Ct. 568 (2012).

In *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), the Eleventh Circuit concluded that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Thus, when a defendant's sentence is based on the guideline ranges applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges. *Id.* at 1327; *see also Lawson*, 686 F.3d at 1319

3

(extending the *Moore* holding to sentence reductions sought under Amendment 750). This holding has not changed post-*Freeman*. When given the opportunity to address the impact that *Freeman* may have had on the holding in *Moore*, the Eleventh Circuit made clear:

> *Moore* remains binding precedent because it has not been overruled . . . . *Freeman* is not 'clearly on point' to the issue that arose in *Moore*, where the defendants were assigned a base offense level under one guideline section, but then assigned a total offense level and guideline range under a different guideline section.

*Lawson*, 686 F.3d at 1321. Accordingly, Defendant's sentence was not affected by Amendment 750 because he was sentenced as a career offender; thus, as it relates to Amendment 750, the original sentence imposed remains accurate.

The Court further agrees that the new mandatory minimums and maximum sentences imposed by the FSA are unavailing to Defendant. First, a § 3582 motion is not the appropriate vehicle for Defendant's arguments regarding the applicability of the FSA because "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). Even if the applicability of the FSA statutory changes could be properly decided in the context of this motion, Defendant's arguments in support of a sentence reduction would still fail. Defendant was sentenced on February 28, 2008. The effective date of the FSA is August 3, 2010. In *Dorsey*, the Supreme Court held that the FSA's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders. That is the Act's "plain import" or "fair implication." 132 S. Ct. at 2335. The Eleventh Circuit later concluded that "*Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants . . . who were sentenced long before the FSA's

effective date." *Berry*, 701 F.3d at 377. Therefore, because Defendant was sentenced two and half years before the FSA went into effect, the Act's new mandatory minimums and maximum sentences provide no basis for a reduction in Defendant's sentence.[1]

For the aforementioned reasons, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Docs. 97, 105) is **DENIED**.

**SO ORDERED**, this  14th   day of May, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1] Because Defendant's motion was filed on June 20, 2012, he did not have the benefit of the Supreme Court's June 21, 2012 *Dorsey* opinion. Nevertheless, while Defendant's arguments in support of the FSA's application to his case are laudable, they fail in light of *Dorsey*.

5